## LaFayette Weinberg et al., Defendants in Error, v. Max Weinberg et al., Plaintiffs in Error.

### Gen. No. 15,721.

COMMON CARRIERS—*when proof of custom competent.* In order to establish liability against a carrier it is competent to show a custom pursued by the defendant in making a notation on bills of lading when goods are received in bad order, such custom being followed by evidence which shows that no such notation was made on the bill of lading issued with respect to the merchandise which forms the basis of the action.

Error to the Municipal Court of Chicago; the Hon. HARRY OLSON, Judge, presiding. Heard in this court at the October term, 1909. Affirmed. Opinion filed October 5, 1911.

FRANK SCHOENFELD, for plaintiffs in error.

BOWLES & BOWLES and EDWARD J. KING, for defendants in error.

MR. JUSTICE SMITH delivered the opinion of the court.

The plaintiffs in error, hereinafter called defendants, were engaged in the produce and commission business in Chicago under the firm name and style of Weinberg Brothers. The defendants in error, hereinafter called plaintiffs, under the firm name and style of Weinberg Brothers, but no relation to defendants, were engaged in the wholesale fruit and produce business at Galesburg, Illinois. The plaintiffs also had an office and warehouse at Cambridge, Minnesota. On May 23, 1908, the plaintiffs shipped from their warehouse at Cambridge a car of potatoes via C. B. & Q. R. R. Co., consigned to Weinberg Bros., Chicago, Ill. On the car arriving at Chicago the railroad company gave notice thereof to the defendants, who caused an

inspection to be made of the potatoes; took possession and sold them. The plaintiffs brought suit to recover for same; a jury was waived and the cause submitted to the court. The court found for the plaintiffs and judgment was entered thereon for the sum of $375.18. The defendants sued out this writ of error to reverse said judgment. It was admitted on the trial that the defendants took and sold the said potatoes; and substantially the only question of fact presented to the court was as to the condition of the potatoes at the time the defendants took possession of the same. If the condition of the potatoes was as described by the defendants, they were worth about thirty cents per bushel. If they were in the condition claimed by the plaintiffs, they were worth about sixty cents per bushel. On this question the counsel for plaintiffs in error insist the finding was clearly and manifestly against the weight of the evidence. On a consideration of all the facts and circumstances in evidence, we are of the opinion that the preponderance of the evidence on this question was with the plaintiffs.

The objection urged to the testimony of the custom of the railroad companies, when goods were delivered in bad order, to make a notation to that effect on the bill of lading, is not well taken. The bill of lading of the car in question, in evidence, showed no such notation, and the said testimony was properly admitted in evidence as a circumstance tending to prove plaintiffs' contention that the car of potatoes in question was received by the defendants in good condition.

The judgment is affirmed.

*Affirmed.*